(92 N. W. Rep. 800.)

---

STANDARD SEWING MACHINE CO. *vs.* JEREMIAH R. CHURCH, *et al.*

---

**Guaranty—Test of.**

> Construing section 4630, Rev. Codes, which provides that "a mere offer to guarantee is not binding until notice of acceptance is communicated by the guarantee to the guarantor, but an absolute guaranty is binding upon the guarantor without notice of acceptance," it is *held* that the test as to whether a guaranty amounts to an absolute guaranty, or merely an offer of guaranty, is whether there has been or has not been that mutual assent or meeting of minds necessary to the existence of a contract. If there has not been such assent, the instrument amounts merely to an offer of guaranty, and becomes binding upon the guarantors only when notice of acceptance is communicated as required by the statute.

### Notice of Acceptance Necessary.

> It is *held* that the instrument sued upon in this case was only an offer of guaranty, and that, inasmuch as notice of acceptance was not given to the defendants, they are not liable thereon, and a verdict was properly directed in their favor.

Appeal from District Court, Grand Forks County; *Fisk, J.*

Action by the Standard Sewing Machine Company against Jeremiah R. Church and George Salisbury. Judgment for defendants, and plaintiff appeals. Affirmed.

*John P. Galbraith* and *Bosard & Bosard,* for appellant.

*Frank B. Feetham,* for respondents.

YOUNG, J. The plaintiff brings this action upon a written instrument purporting to be an undertaking of guaranty, signed by the defendants, and by which they guaranty to plaintiff the payment of the price and value of such sewing machines and articles connected therewith as the plaintiff might furnish to one J. N. Edmunds upon credit, limiting their liability, however, to the sum of $1,000. The case was tried to a jury. After plaintiff had rested his case, counsel for defendants made a motion for a directed verdict upon the ground "that the plaintiff had not proved facts sufficient to constitute a cause of action as against the defendants." This motion was granted, and judgment was entered dismissing the action and for costs. Plaintiff has appealed from the judgment, and in a statement of case duly settled has specified the ruling upon the above motion as error.

The instrument sued upon is as follows: "To the Standard Sewing Machine Company: * * * I, J. R. Church, George Salisbury, of Grand Forks, in the county of Grand Forks, North Dakota, Eddie Reddy, Grand Forks, in consideration of your supplying J. N. Edmunds, of Grand Forks, in the county of Grand Forks, in the state of North Dakota, with sewing machines and articles connected therewith on credit, do hereby guarantee the payment of the price and value of said goods at maturity to an amount not to exceed one thousand (1,000) dollars, whether the same be due on open account or by note or acceptance or otherwise, and you are hereby authorized to grant such delay as you may see fit, for the payment of any such sum which may be due you at any time,—this agreement to be held as a continuing security in your favor, and to cover any and all renewals of the debts, notes, or acceptances which may from time to time be made, and any interest or cost due thereon, and any balance which may at any time be due from said J. N. Edmunds to you; and, should you at any time institute legal proceedings under this guarantee, I hereby waive any right or claim to demand or receive security for costs in such proceedings. Nov. 5th, 1891. J. R. Church. George Salisbury."

Evidence was introduced showing the execution of the instrument by defendants, and that plaintiff had thereafter consigned a large number of sewing machines to Edmunds to be sold by him

on commission, and that the latter had not accounted for the same. Counsel for the respective parties then stipulated in open court the circumstances under which the above instrument was executed. It was stipulated that it "was obtained by the J. N. Edmunds therein named from the sureties, and by him afterwards delivered to the plaintiff; that neither the plaintiff nor any of its agents requested the defendants to sign the instrument, nor were they present when the same was signed and delivered to the said Edmunds; and neither of the sureties were present when it was delivered to the plaintiff; and that the sureties were never notified by the plaintiff of its acceptance and of the dependence of the plaintiff upon the undertaking."

It is agreed by counsel for both parties that the controlling question on this appeal is whether the instrument sued upon is an absolute guaranty or merely an offer of guaranty. If it is an absolute guaranty, the further question would arise whether any liability arose thereunder upon a mere consignment of goods to Edmunds to be sold by him upon commission, a point upon which we express no opinion. If it is merely an offer of guaranty it will be conceded that it never became binding upon the defendants, for the reason that no notice of the plaintiff's acceptance of the guaranty was ever communicated to the defendants. This fact is stipulated. Such notice is necessary to the validity of an offer of guaranty under the provisions of section 4630, Rev. Codes, which reads as follows: "A mere offer to guarantee is not binding until notice of its acceptance is communicated by the guarantee to the guarantor, but an absolute guaranty is binding upon the guarantor without notice of acceptance." The reason for requiring notice of acceptance of an offer of guaranty to be communicated by the guarantee to the guarantor—and this requirement of the statute is also the well-settled doctrine of the courts—is that without acceptance and notice of acceptance there is not that mutual consent necessary to the existence of a contract, or, in other words, there is no contract of guaranty. See 14 Am. & Eng. Enc. Law, 1146, and cases cited in note 8; also 25 Am. Digest (Century Ed.) p. 26, and cases cited § 9, and 1 Brandt, Sur. § 186. See, also, *Adams* v. *Jones*, 9 L. Ed. 1058.

The true test, we think, in determining whether a guaranty is in fact an offer of guaranty or an absolute guaranty, is whether there is this mutual assent. In *Machine Co.* v. *Richards*, 115 U. S. 524, 6 Sup. Ct. 173, 26 L. Ed. 480,—and this is the leading case upon this subject,—it was held that "a guaranty signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, is, in legal effect, an offer or proposal on the part of the guarantor which requires an acceptance to complete the contract." Mr. Justice Gray, who wrote the opinion in that case, summarized the rule as follows: "A contract of guaranty, like every other contract, can only be made by the mutual assent of the parties. If the guaranty is signed by the guarantor at the

request of the other party, or if the latter's agreement to accept is contemporaneous with the guaranty, or if the receipt from him of a valuable consideration, however small, is acknowledged in the guaranty, the mutual assent is proved, and the delivery of the guaranty to him or for his use completes the contract. But if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is, in legal effect, an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract."

Applying these principles to the facts of this case as they are stipulated, we have no hesitation in reaching the conclusion that the instrument sued upon is a mere offer of guaranty, and that it never became a binding obligation upon the defendants because of plaintiff's failure to complete the same by communicating to the defendants a notice of its acceptance. The mutual assent or meeting of minds necessary to the existence of a completed contract was therefore wanting. As has been seen, it was not executed by the defendants at the plaintiff's request, or in the presence of its agents, and the instrument acknowledges the receipt of no consideration from the guarantee to the guarantors, and there was no contemporaneous acceptance of it. On the contrary, it is expressly stipulated that it was signed by the defendants without request from plaintiff or its agents, and that they were not present when it was delivered by the defendants to Edmunds, and that the defendants were not present when Edmunds delivered it to the plaintiff. It amounted, then, merely to an offer or proposal which the plaintiff might accept or reject, at its option. If it desired to make the offer binding upon the defendants, it was not sufficient merely to accept and act upon it, but it was required under the statute to communicate to the defendants notice of its acceptance. This was not done. There was therefore no mutual assent, and consequently no contract and no liability.

The verdict was properly directed, and the judgment will be affirmed. All concur.