THE ALUMINUM COOKING UTENSIL COMPANY, a Corporation, Appellant, v. J. M. ROHE, Respondent.

(175 N. W. 620.)

**Guaranty — letter of credit — notice of acceptance by creditor must be pleaded and proved.**

1. In an action on a letter of credit wherein the maker agrees to pay for all goods ordered and not paid for by another party when due, it is *held* that such letter constitutes a contract of guaranty, and that it is necessary to plead and prove notice of acceptance thereof by the parties to whom the guaranty was given.

**Pleading — motion to amend complaint to conform to proof admitted without objection should be granted.**

2. In such action, where the complaint has failed to allege such notice of acceptance given, but, nevertheless where, in the trial of such action, proof is

43 N. D.—28.

received, without objection, that such notice of acceptance was given, **after**
the trial court had overruled a motion to dismiss such complaint upon **the**
grounds of its insufficiency, it is *held* to be prejudicial error to dismiss such
action, upon the ground that such complaint failed to allege notice of acceptance,
without permission granted to the pleader to amend this complaint to conform
to the facts proved.

Opinion filed November 15, 1919.

Appeal from judgment of dismissal in District Court, Ward Coun-
ty, *Leighton,* J.

Reversed with directions.

*W. H. Sibbald* and *M. R. Keith,* for appellant.

"The vital difference between the contract of a surety and that of a
guarantor is that a surety is charged as an original promisor while the
engagement of the guarantor is a collateral undertaking."   12 R. C.
L. 1057; Saint v. Wheeler, 36 Am. St. Rep. 210; 32 Cyc. 20.

*L. F. Clausen,* for respondent.

The contract of the surety is the joint and several contract of the
principal and surety, while the contract of the guarantor is his own
separate undertaking in which the principal does not join.   Saint v.
Wheeler (Ala.) 35 Am. St. Rep. 213.

"A complaint in an action upon a guaranty of payment of debts to
be created in the future must allege that notice of acceptance was given
to the guarantor."   20 Cyc. 1486; 10 Enc. Proc. 688.

"A complaint in an action on a guaranty must allege the performance
of every condition precedent to the liability of the guarantor upon the
contract, or an excuse for its nonperformance."   10 Enc. Proc. 685–
687; 20 Cyc. 1487.

BRONSON, J. This is an action on a letter of credit.   From a judg-
ment of dismissal entered upon the grounds that the complaint failed
to state a cause of action, the plaintiff has appealed.   On June 23,
1914, the defendant executed the following letter:

To the Aluminum Cooking Utensil Co.,
      East St. Louis, Ill.

                                             Kenmare, N. D., June 23, 1914.

Gentlemen:—

In consideration of your taking into or continuing in, your employ

Ivin E. Harris, Kenmare, Ward Co., No. Dak., to be employed from time to time in such portions of the United States as you shall deem proper, I hereby agree to pay you forthwith for all goods ordered of you from time to time and not paid for by him when due. My liability not to exceed two hundred dollars ($200).

Yours truly.

There is evidence in the record that this letter was received and that a letter of acceptance was sent by the plaintiff to the defendant. The plaintiff furnished to one Harris certain aluminum goods of the total value of $268.43. On this account was paid only $85.18. Demands were made from Harris and the defendant for payment of the balance, $183.85, from time to time, and, finally, such amount not being paid, this action was commenced against the defendant to recover on the letter of credit.

The complaint alleges furnishing of the goods to Harris, his employment as salesman, and the execution of the letter of credit. It does not, however, allege that there was given a notice of the acceptance of such letter of credit. It is alleged, however, in the complaint that this plaintiff on the faith of such letter furnished the goods.

At the trial of the action the defendant, at the commencement thereof, moved that the action be dismissed for the reason that the complaint failed to state a cause of action. This motion was overruled by the trial court. At the conclusion of plaintiff's case a like motion was made and was similarly overruled. The evidence introduced by the plaintiff to the effect that the notice of acceptance of the letter of credit was made by letter to the defendant was so introduced and received without objection of the defendant.

The trial court, after final submission of the case as a court case, practically reversed its former ruling and dismissed the action upon the ground that no cause of action was plead in the complaint.

In a memorandum opinion the court based its action upon the ground that a letter of credit constituted a contract of guaranty, and the complaint, in failing to plead any acceptance thereof, was therefore insufficient. The appellant contends that a letter of credit is a contract of suretyship. In this regard we are satisfied that the letter of credit constitutes a contract of guaranty as found by the trial court.

That portion of the letter which agrees to pay for the goods not paid for *when due* clearly shows the letter so to be. Comp. Laws 1913, § 6651. A contract of guaranty must be accepted. Comp. Laws 1913, § 6656. It is necessary to plead acceptance.

This case is practically before this court upon a demurrer to the complaint, after the evidence was all introduced, after the court had twice overruled such demurrer, and after the evidence disclosed in fact an acceptance sufficient to form a question of fact thereupon.

If the trial court had sustained the motions of the defendant, when made, upon the grounds of the insufficiency of the complaint, it is obvious that the appellant would have had the opportunity either of moving to amend the complaint or of requesting the court to amend the complaint to conform to the facts as proved. The action of the trial court, as taken, deprived the appellant of this opportunity. It is well settled that the authority vested in courts to allow amendments of pleadings is for the purpose of promoting the ends of justice; that this authority is a legal, not an arbitrary discretion to be exercised liberally by the court in furtherance of the ends of justice. See Webb v. Wegley, 19 N. D. 606, 610, 125 N. W. 562; Martin v. Luger Furniture Co. 8 N. D. 220, 223, 77 N. W. 103; French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7.

Demurrers, or motions in the nature of demurrers to pleadings, should not be made instrumentalities of defeating legal rights, particularly where the appellant has been mislead by the action of the trial court, and where the proof already adduced establishes a cause of action, without permitting the party at fault a chance to amend where the rights of the other party thereby are not prejudiced. Under the circumstances in this case it was an abuse of discretion to so order dismissal of the action.

The judgment of the trial court is reversed and a new trial granted, with permission to the appellant to amend his complaint. The costs of this court to abide the result of the trial.