LLOYD MORTGAGE COMPANY, Respondent, v. RUFUS R. DAVIS, Appellant.

(36 A.L.R. 465, 199 N. W. 869.)

Appeal and error — jury action not triable anew in supreme court although jury waived below.

1. An action properly triable to a jury cannot be tried anew in the supreme court, even though a jury was waived and the cause tried to the court without a jury.

Note.—(2) Finding of fact on conflicting evidence as conclusive on appeal, see 2 R. C. L. 202; 1 R. C. L. Supp. 441; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81.

(3) Acceptance of cashier's check from debtor as absolute or conditional payment, see note in 36 A.L.R. 470.

**Appeal and error — findings of trial court presumed to be correct; burden of showing error on appellant; finding based on parol evidence will not be disturbed unless opposed to preponderance.**

2. Where an action properly triable to a jury is tried to the court without a jury, the supreme court will not try the case *de novo*, but the findings of the trial court are presumed to be correct; appellant has the burden of showing error, and a finding based upon parol evidence will not be disturbed, unless it is shown to be opposed to the preponderance of the evidence.

**Bills and notes — conditional payment — defeasible on nonpayment of check.**

3. In the absence of special agreement to the contrary, the mere acceptance by the holder of a promissory note from the maker of such note of a cashier's check is not absolute, but merely conditional, payment, defeasible on the nonpayment of the check.

**Bills and notes —surrender of note on payment of cashier's check presumed conditional on payment of check.**

4. The mere fact that the holder of the note, upon receipt of such cashier's check, surrenders the note to the maker does not overcome the presumption that the check was taken as conditional, not absolute, payment. The surrender of the note in such circumstances is presumed to be conditioned on payment of the check.

**Bills and notes — checks — reasonable time for presentation of cashier's check depends on circumstances of each case; presentation of cashier's check on day of receipt held due diligence.**

5. What is reasonable time for presentation of a cashier's check, depends on the circumstances of each case. In the instant case it is *held* that the trial court did not err in concluding that the plaintiff acted with due diligence in presenting a cashier's check for payment.

**Appeal and error — acceptance of cashier's check — evidence as to manner bank handled unpaid check given in payment of loan held admissible.**

6. Certain assignments of error predicated on rulings on the admission of evidence examined, and such rulings held proper or nonprejudicial.

Opinion filed July 28, 1924. Rehearing denied July 28, 1924.

Appeal and Error, 4 C. J. § 2646 p. 726 n. 15; § 2662 p. 731 n. 81, p. 732 n. 86; § 2722 p. 775 n. 26; § 2726 p. 776 n. 57; § 2853 p. 880 n. 97; § 2982 p. 999 n. 22, p. 1000 n. 23. Bills and Notes, 8 C. J. § 752 p. 539 n. 17: § 792 p. 569 n. 44, 45; § 1323 p. 1016 n. 39 New; § 1355 p. 1041 n. 34. Evidence, 22 C. J. § 588 p. 485 n. 82. Payment, 30 Cyc. p. 1272 n. 89.

From a judgment of the District Court of Lamoure County, *Wolfe,* J., defendant appeals.

Affirmed.

*Knauff & Knauff,* for appellant.

If a creditor, having the option of taking cash, elected to take a bill which is dishonored, the original debtor is discharged. Union Bank v. Smiser, 1 Sneed, 501.

If the vendor of goods agrees to take notes or bills in payment, and to run the risk of their being paid, it will be considered as payment whether the paper is afterwards paid or not; but, without such agreement, there is no payment. Owenson v. Morse, 7 T. R. 64.

When a debtor gives his creditor a written order on a banker for the payment of the debt, and has the money on deposit to pay it at the time the order is presented, and the creditor on presenting it to the banker, waives his right to receive cash, and for, his own convenience asks payment in a bill of exchange drawn by the banker on a correspondent bank in another city, he is concluded by his election as to the mode of payment, and cannot afterwards repudiate it because the bill proves worthless; and the original debt is satisfied. Loth v. Mothner, 53 Ark. 116, 13 S. W. 594.

When upon a sale for cash on delivery, the vendor, in reply to the vendee's offer to deliver either currency or a bank draft in payment, expresses his preference for the latter, and thereupon the vendee procures and delivers it payable to the vendor's order, the transaction amounts to an agreement by the vendor to accept the draft in lieu of cash as payment of the purchase money. Gibson v. Tobey, 46 N. Y. 637, 7 Am. Rep. 397.

' Dealings by the holder of the bill or check with the drawee or acceptor may operate as an extinguishment of the original debt. Carroll v. Sweet, 128 Ga. 19, 13 L.R.A. 43, 27 N. E. 763; Born v. Indianapolis First Nat. Bank, 123 Ind. 78, 18 Am. St. Rep. 312, 7 L.R.A. 442, 24 N. E. 173; Woodcock v. Bennett, 1 Cow. 711, 13 Am. Dec. 368; Smith v. Miller, 43 N. Y. 171, 3 Am. Rep. 690; Cleveland v. Pearl, 63 Vt. 127, 25 Am. St. Rep. 748, 21 Atl. 261.

*E. M. Warren,* for respondent.

A trial de novo cannot be had in the supreme court in an action

prcperly triable to a jury, even though a jury was waived and the cause tried to the court. Novak v. Lovin, 33 N. D. 424.

The admission of erroneous evidence is harmless, and no ground for reversal, when there is abundance of other evidence, without substantial conflict to sustain the finding of fact which evidence tends to prove. Sutherland, Code Pl. & Pr. § 1923.

The check, if drawn on a distant place, need not be sent direct to its place of payment by the holder, but the usual and accustomed channel of transmission is all that is required. 8 C. J. 543.

A party is not injured by an error if the error does not prevent him from making out his case. Sutherland, Pl. & Pr. § 1922.

Ordinarily the delivery of the check of the debtor, or of a third person, will not be presumed to have been accepted as absolute payment, but the presumption is that it was accepted merely as a conditional payment. 30 Cyc. 1272, 8 C. J. 568; Manitoba Mtg. & Ins. Co. v. Weiss (S. D.) 101 N. W. 37; Dougherty v. Overshalde (S. D.) 188 N. W. 48.

A certified check when given in ordinary course of business is not presumed to have been given and received as for absolute payment. 7 C. J. 711.

A payment means a payment in money. If paid by promissory note, or anything else than cash, it must be accepted by the payee as payment. Sjoli v. Hogenson, 19 N. D. 82.

CHRISTIANSON, J. This is an action upon a promissory note in the sum of $360, payable to bearer. The defendant interposed an answer alleging payment. The issues thus framed were tried to the court without a jury. The trial court made findings and conclusions in favor of the plaintiff and the defendant has appealed from the judgment entered pursuant thereto. The material facts are: Plaintiff is a corporation engaged in the farm loan business. In November 1919, the defendant obtained a farm loan from the plaintiff in the sum of $6,000. He executed and delivered to the plaintiff a principal promissory note in the sum of $6,000, and certain coupon interest notes evidencing the amount of the annual interest installments, each of such notes being in the sum of $360. Such interest coupon notes were payable to bearer at the office of the plaintiff at Lamoure, North Dakota.

The defendant was a depositor in the Citizens State Bank of Edgeley in this state. On November 30th, 1920, he purchased from such bank a cashier's check in the sum of $360, which he forwarded by mail to the plaintiff at Lamoure. At the time of the purchase of such cashier's check defendant had on deposit in The Citizens State Bank of Edgeley an amount considerably in excess of $360, and that amount was charged against his account in such bank when the cashier's check was issued. Edgeley is about twenty-two miles from Lamoure. The letter containing the cashier's check was received by the plaintiff on December 1st, 1920, and on that same day he endorsed the same and deposited it with The First National Bank of Lamoure, who in turn, on that same day, in accordance with its usual custom in handling out of town collections, transmitted the check, with other out of town items, by mail to its correspondent, The First National Bank of Fargo. The First National Bank of Fargo forwarded the check to The First National Bank of Minneapolis on December 2d, 1920. The First National Bank of Minneapolis received the check on December 3d, 1920, and on that same day forwarded it by mail to The First National Bank of Edgeley. The evidence is not clear as to when the check was received by The First National Bank of Edgeley. There is some evidence tending to show that according to train schedules it could have reached Edgeley on Saturday, December 4th. The evidence, however, does not show that it was received by The First National Bank of Edgeley on that day and the trial court found "that said, The First National Bank of Edgeley, received said check on the 6th day of December, 1920, on which said day The Citizens State Bank of Edgeley, the bank of payment, was closed and has not since reopened for business." The trial court also found "that there was no expressed agreement between plaintiff and defendant that said check should be received in full payment and satisfaction of the indebtedness due and owing on said note from defendant to plaintiff."

Appellant demands a trial anew in this court; and, also, assigns error in rulings on the admission of evidence, and in the findings of fact and conclusions of law.

The demand for a trial anew in this court cannot be sustained. Under the terms of the statute and the repeated decisions of this court

a case properly triable to a jury cannot be tried anew in the supreme court even though a jury is waived and the cause tried to the court without a jury. See Novak v. Lovin, 33 N. D. 424, 157 N. W. 297. In such cases this court does not try questions of fact anew, but "findings of the trial court come here with all the presumptions in favor of their correctness, 'and with the burden resting upon the party alleging error and demonstrating the existence of such error. He must be able to show this court that such finding is against the preponderance of the testimony, and where the finding is based upon parol evidence, it will not be disturbed, unless clearly and unquestionably opposed to the preponderance of the testimony.'" State Bank v. Maier, 34 N. D. 259, 158 N. W. 346.

Appellant contends that the cashier's check was accepted in absolute payment and that the trial court erred in holding to the contrary. In our opinion, the contention cannot be sustained. The defendant was indebted to the plaintiff upon a written instrument, which by its terms was payable in money. Instead of making payment in money, the defendant delivered to the plaintiff a cashier's check. The plaintiff accepted such check, it is true; but it is a general rule that "in absence of any special agreement to the contrary, the mere acceptance by a creditor from his debtor of the check of a third person, payable to the creditor's order, for a pre-existing debt, is not absolute, but merely conditional, payment, defeasible on the dishonor or nonpayment of the check." 21 R. C. L. p. 62; 8 C. J. 569; 30 Cyc. 1272; 22 Am. & Eng. Enc. Law, 569. And the fact that the creditor, upon receipt of such check, surrenders to the debtor the note for which the check was given does not show that the check was received in absolute payment. 22 Am. & Eng. Enc. Law, 572; 21 R. C. L. pp. 64, 65. The surrender of the note under such circumstances is conditioned on the payment of the check. 21 R. C. L. pp. 64, 65, 66. And the fact that the creditor gave his debtor credit for the amount of the check upon receipt thereof, and before it was paid, will not conclude him, unless he is chargeable with negligence or a want of fidelity; for such entries in the event of nonpayment of the check are interpreted as evidencing conditional payment only. 21 R. C. L. pp. 64, 65.

Defendant, however, claims hat there was an express agreement between the plaintiff and defendant that a cashier's check should be

accepted in payment of the interest coupon.   This claim rests upon the testimony of the defendant.   Defendant testified:

### On direct examination:

Q. Had you any talk with the Lloyd Mortgage Company, as to the manner in which you should pay your interest on the mortgage to them?

A. Yes sir.

Q. When was that?

A. It was the—it was shortly before this came due and after I had gotten an increase in my loan, through this same company.   I asked them how I should pay it, and they told me with a cashier's check.   I live twenty miles or more from Lamoure, and I am not down there very frequently.

### On cross-examination.

Q. And for how many years have you been sending them (the plaintiff) interest?

A. Ever since 1916.

Q. And when did you ask them how to send your interest?

A. At the time I got the increase on the loan.

Q. There never had been any question before that, had there—you never asked before that time?

A. Well, times had changed.   About that time checks, especially personal checks, were questioned a good deal—whether they were good or not.   You remember that.   And it looked to me as though bank paper would be better than an individual's check.   .   .   .

Q. Whom did you ask that of—whom did you address that question to, Mr. Davis?

A. Well, there was from one to three in the bank there with me, I was in the office.   Mr. Lloyd and I did the most of the talking.   Mr. Adams was in and out occasionally, he was referring some things to him; and I think there was another one of the men came in.

Q. Whom did you address this question to?

A. Mr. Lloyd—I did my dealing with him.   I had known Mr. Lloyd for years, and for that reason I asked for him when I went in to do my talking, and I did my talking with him.

Q. And it was suggested that you send over a cashier's check?

A. Yes, sir.

Q. Instead of what?

A. Instead of coming over or sending my personal check. He knew of course I had been sending my personal check, but as I am telling you, those checks were protested a good many of them—didn't have funds in the bank. I knew I had funds in the bank, but didn't know whether they knew it or not.

Adams, the secretary of the plaintiff company testified:

Q. You were not present at the time that Mr. Davis asked Mr. Lloyd in regard to how remittance should be made for the interest, were you?

A. I never heard him ask any such question. I was there most of the time. He (defendant) was there to see Mr. Lloyd, and Mr. Lloyd called me into the office and we agreed to make the loan, and I prepared the papers.

Q. You did all the detail work in connection with the loan?

A. Yes sir.

Q. Did you ever hear of any such conversation?

A. Never heard any such conversation regarding the matter, at all.

Q. Did you ever know of any such conversation?

A. Never heard of it.

The trial court, after hearing this testimony, was of the opinion that there was no express agreement between the parties that the cashier's check should be accepted in absolute payment of the interest coupon and made a finding to that effect. And in our opinion that finding ought not to be disturbed.

It is further contended by the appellant that plaintiff was guilty of negligence in failing to present the check within a reasonable time; that if it had been so presented it would have been paid by the bank of issue, and that consequently the law implies payment of the debt for which the check was issued. In our opinion, the facts in this case did not warrant any such finding or conclusion by the trial court. There is little or no dispute as to what was done with the check. The plaintiff negotiated and deposited it in the bank at Lamoure on the

same day it was received. The bank in which it was so deposited at once forwarded the check to its correspondent bank in this state, and this bank in turn forwarded it to its correspondent bank in Minneapolis, who in turn forwarded it to its correspondent bank in the town where the issuing bank was located. This course of conduct on the defendant does not, in our opinion, evidence any negligence on the part of the defendant in presentation of the check. See Verett v. State Bank, 46 N. D. 220, 180 N. W. 714. The acceptance of a check implies an undertaking on the part of the one accepting it to present it for payment within a reasonable time. 21 R. C. L. p. 66; Comp. Laws, 1913, § 7070. What is a reasonable time depends on the circumstances of each case. In determining that question, the time, mode and place of receiving the check, and the relations of the parties should be considered. 2 Morse, Banks & Bkg. 5th ed. p. 4; 5 Am. & Eng. Enc. Law, 1041. "When no more time is taken than is fairly required in the usual course of business, special inconvenience and special circumstances considered, the holder, in case of failure of the bank upon which the check is drawn, before presentation, should not be held to suffer the loss." 5 Am. & Eng. Enc. Law, 1041. In other words, when a debtor transmits a check or draft to a creditor he has a right to expect that the latter will pursue the ordinary course of business in such matters, and that is all that he has a right to expect. And as we construe the evidence in this case that is what the plaintiff did with respect to the cashier's check in controversy here.

It is, also, contended that the trial court erred in its rulings on the admission of evidence. The specific contentions are: (1) That the trial court erred in permitting the secretary of the plaintiff company to testify to "the conclusion" that the note had not been paid, and that the plaintiff accepted the cashier's check, the same as all checks, conditional upon payment thereof; (2) that the trial court erred in admitting evidence showing that the plaintiff was given credit in its account at the First National Bank of Lamoure upon the deposit of the check, and that later, when the check was returned unpaid, the said First National Bank of Lamoure charged plaintiff's account with the amount of the check; and that similar credit and debit entries were made upon the plaintiff's books as regards the defendant, Davis; and, (3) that the court erred in permitting the cashier of the First

National Bank of Lamoure to testify as to how it handled the cashier's check, and that it handled the same as it handled all out-of-town items, namely, by transmitting the same to The First National Bank of Fargo for collection.

In our opinion, no prejudicial error was committed in the admission of any of this evidence. The testimony of the secretary of the plaintiff to the effect that the note had not been paid, while a conclusion, was manifestly harmless. The testimony to the effect that the check was accepted conditionally and not as absolute payment was given as a part of the statement of plaintiff's secretary relating to the receipt of the check and the disposition of it. It was the contention of the defendant then, as it is now, that the check was given and received in absolute payment. In view of this contention, it is not apparent that the evidence was either incompetent or irrelevant as defendant contends. The evidence regarding the handling of the check by the plaintiff, and the bank to whom it was delivered for collection, and the entries made upon the books both by way of credit and debit, was clearly not prejudicial. Insofar as such evidence related to the handling of the check, and the transmission thereof in the usual mode, it was competent upon the question of due presentation; and insofar as it related to the credit and debit entries it was in no event prejudicial. It should be remembered that this case was tried to the court, without a jury, and it is well settled that in such case, "the admission of incompetent evidence is not ordinarily a ground for reversal, since it will be presumed, if nothing appears to the contrary, that the judge disregarded such evidence and tried the case on proper testimony only." 4 C. J. pp. 999, 1000.

The judgment appealed from is affirmed.

BRONSON, Ch. J., and JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.