FRED L. ANDERSON, as Receiver of Donnybrook State Bank, Appellant, v. OSBORNE-McMILLAN ELEVATOR COMPANY, Respondent.

(200 N. W. 905.)

**Appeal and error — action properly triable to jury, but tried to court, is not triable anew on appeal.**

1. An action properly triable to a jury but tried to the court without a jury is not triable anew in the Supreme Court.

**Appeal and error — sufficiency of evidence not presented where specification of error not made.**

2. Where in an action properly triable to a jury the appellant fails to make any specifications of error or specifications of insufficiency of the evidence, the appeal does not present to the supreme court the question of the sufficiency of the evidence to sustain the findings of fact made by the trial court.

Opinion filed November 17, 1924.

Appeal and Error, 3 C. J. § 1470 p. 1337 n. 11: 4 C. J. § 2646 p. 726 n. 16.

From a judgment of the District Court of Ward County, *Moellring,* J., plaintiff appeals.

Affirmed.

*Moody O. Eide & Ben E. Combs,* for appellant.

Under proper pleadings the existence of the lien of the first mortgage may be shown by the defendant when sued by the holder of the second mortgage for conversion, to reduce the damages recoverable by the plaintiff. Citizens Nat. Bank v. Osborne McMillan El. Co. 131 N. W. 266.

*F. B. Lambert,* for respondent.

When the one side is silent if the other side has made a motion for a directed verdict he cannot complain because the case is taken away from the jury. Zimmerman v. G. & N. W. R. Co. 129 Minn. 4, 151 N. W. 412.

It is up to the party against whom a directed verdict is asked to determine in advance for himself whether he feels that there is anything to go to the jury and whether or not his client's interests should be submitted to a jury. First Nat. Bank v. Strauss (N. D.) 194 N. W. 900.

A tenant can give no more title than he has and not having any he of course could give none by any mortgage that he might execute. Butler v. Rice, 17 Hun, 406; 15 Am. Dig. Cent. ed. col. 1120.

It was not a mortgage until the lien attached by the bringing into existence of the property enumerated therein. Hotsetter v. Brooks, 4 N. D. 363; Bank v. Mann, 2 N. D. 460.

The burden is on the holder of an invalid chattel mortgage to show that the defendant took with notice. La Crosse v. Anderson, 9 S. D. 497.

PER CURIAM. This is an action for the alleged conversion of certain grain, upon which it is claimed that the Donnybrook State Bank had a chattel mortgage. The case was tried to a jury; but at the close of all the evidence the parties, in effect, agreed that the jury should be discharged and the cause submitted to and decided by the court. The jury was discharged and the trial court, after due consideration, made findings of fact in defendant's favor and ordered judgment for a dismissal of the action. Judgment was entered accordingly and plaintiff has appealed therefrom and demanded a trial anew in this court. No specifications of error were served with the notice of appeal as required by § 7656, Comp. Laws 1913; neither was there embodied in the statement of case a specification of the questions of fact which appellant desired the supreme court to review, or a demand for a trial anew of the entire case, as provided by § 7846, Comp. Laws 1913. The defendant has moved for a dismissal of the appeal and urges: (1) that this case is not properly triable anew in this court, and (2) that in all other cases it is incumbent upon an appellant to serve with his notice of appeal a concise statement of the errors of law of which he complains, as prescribed by § 7656, Comp. Laws 1913. The contentions so advanced by the respondent are correct, but do not constitute proper grounds for dismissal of the appeal.

It is well settled that "where an action properly triable to a jury is tried to the court without a jury, the supreme court will not try the case anew." Lloyd Mortg. Co. v. Davis, ante, 336, 36 A.L.R. 465, 199 N. W. 869. It is equally well settled that in all actions properly triable to a jury (except in cases where the errors complained of appear on the face of the judgment roll, Wilson v. Kryger, 29 N. D. 28, 149 N. W. 721) it is incumbent upon one who desires to challenge the correctness of a judgment by an appeal to the supreme court to "serve with the . . . notice of appeal, a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the verdict . . . he shall so specify." And it is required that "a specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient." Comp. Laws 1913, § 7656; Masset v. Schaffner, 31 N. D. 579, 154 N. W. 653.

While the grounds urged do not constitute grounds for dismissal of the appeal, they do, in effect, restrict the extent of review by this court

to such an extent as to require, upon the record before us here, a summary affirmance of the judgment; for the only questions raised by the appellant assail the sufficiency of the evidence to sustain the findings of the trial court; and the findings are amply sufficient to sustain the judgment entered. While upon a proper showing the appellant might be relieved from his default and be permitted to serve and file the required specifications of error (Miller v. Thompson, 31 N. D. 147, 153 N. W. 390; Wilson v. Kryger, 26 N. D. 77, 51 L.R.A.(N.S.)760, 143 N. W. 764), it appears to us that in this case it would be wholly an idle act to permit this to be done. The motion to dismiss the appeal was submitted at the same time the cause was argued on the merits. That is, in order to facilitate the disposition of the case, the motion to dismiss was first submitted and then immediately following the parties argued the cause upon the merits so as to enable this court to make final disposition of the cause whether the motion to dismiss was granted or denied.

After full consideration of the record we are wholly agreed that the findings of the trial court are in all respect correct and that under no conceivable theory is the plaintiff entitled to recover in this action. In these circumstances it would be an idle act to grant leave to the appellant to serve and file proper specifications of error. The judgment appealed from is therefore affirmed.

BRONSON, Ch. J., and CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.