STATE OF NORTH DAKOTA, EX REL., FAY HARDING et al., the Board of Railroad Commissioners of the State of North Dakota, as Trustee of Isaac Hegge, an Insolvent Warehouseman, Respondent, v. G. J. LANE, et al., Defendants.
R. S. DEAN, Appellant.

(236 N. W. 353.)

Opinion filed April 25, 1931.

*Theo. B. Elton,* for appellant.

*McIntyre & Burtness,* for respondent.

BURR, J. This is an action brought by the Board of Railroad Commissioners upon a certain warehouseman's bond given by Isaac Hegge as principal and the defendants herein as sureties, in order that Hegge could engage in the business of buying, selling and storing grain for profit, and maintain a grain elevator therefor. The bond was delivered to and accepted by the board and thereupon the license was issued to

Hegge as a public warehouseman. The terms of the bond began August 1, 1923, and terminated July 31, 1925, and during such time grain was delivered to Hegge, who issued warehouse receipts therefor. In addition thereto there were outstanding storage tickets, and it is alleged that on April 10, 1927, the owners of the storage tickets made a demand upon Hegge for delivery of the grain; that he failed and refused and neglected to make the delivery; that the said Hegge is insolvent and that this action was brought for the benefit of the holders of the storage tickets. Judgment was asked in the sum of $3,234.09 with interest.

The defendant Dean answered separately, admitting that Hegge maintained a grain elevator and bought grain but denies Hegge applied for a State warehouse license. Appellant denies he ever executed any bond and alleges that if his name appears attached to any such instrument his signature was obtained by fraud and deceit practiced by Hegge. He denies also the claims of some of the alleged holders of storage tickets, and alleges that others of them agreed with and permitted the said Hegge to ship out and dispose of the grain represented by the tickets, that for more than three years subsequent to the expiration of the period for which the bond was given the principal on the bond was permitted by the respondents to dispose of his property and abscond from the State, and they took no steps to see that the warehouseman complied with his duties and thus prejudiced the defendant so that he had no recourse against Hegge; and that no demand was ever made upon Hegge to make good any liability.

A jury was waived, and the case tried to the court who made findings of fact and conclusions of law favorable to the plaintiffs. From the judgment entered in favor of the plaintiffs the defendant Dean appeals.

Notice of entry of judgment was served upon the appellant on January 21, 1930. The notice of appeal is dated July 21, 1930, and was served upon respondent on that day. This notice says: the appeal is taken "from the judgment of the above court made, rendered and entered in the above entitled action on the 8th day of January, 1930, in favor of the said plaintiff and against the said defendants, jointly and severally, and that their appeal is from the said judgment and the whole thereof." No specifications of error were served with the notice of appeal, nor have any specifications of error ever been served or filed in this case.

The case was placed on the March 1931 calendar of this court and submitted upon briefs.

On March 19th, 1931, the appellant served upon the respondents an application for leave to file "amended" specifications of error and attached thereto proposed specifications to the effect that the trial court erred in denying defendants' motion for dismissal of the action; in ordering judgment for the plaintiffs and, further, that the evidence is insufficient to sustain judgment of the court in this: "that the evidence clearly shows that no demand was ever made for the grain represented by the storage tickets involved in the action and described in the complaint or for payment of such storage tickets until long after the expiration of the bonds sued upon, and further that the evidence fails to establish that Isaac Hegge was insolvent during the period that such bond was in force and effect."

The plaintiffs strenuously object to such permission being granted, particularly upon ground of the delay in the taking of the appeal and having it heard, and making the application after submission of the case. Respondents say the appeal was taken on the very last day upon which an appeal could be taken, that the record was not sent to this court until seven months thereafter, that during all of this time no specifications of error were made or served—except such specifications of error as the appellant assigns in his brief,—that no showing has been made why appellant should be relieved from default and respondent claim the appellant is not entitled to discuss or argue any errors except such as appear on the record.

It is well settled that "where in an action properly triable to a jury the appellant fails to make any specifications of error or specifications of insufficiency of the evidence, the appeal does not present to the supreme court the question of the sufficiency of the evidence to sustain the findings of fact made by the trial court." Anderson v. Osborne-McMillan Elevator Co. 51 N. D. 730, 200 N. W. 905. See also Wilson v. Kryger, 29 N. D. 28, 149 N. W. 721; Massett v. Schaffner, 31 N. D. 579, 154 N. W. 653. This is in harmony with the theory that "an action properly triable to a jury, but tried to the court without a jury, is not triable anew in the Supreme Court." Anderson v. Osborne-McMillan Elevator Co. 51 N. D. 730, 200 N. W. 905;

Lloyd Mortg. Co. v. Davis, 51 N. D. 336, 36 A.L.R. 465, 199 N. W. 869.

It is true that the default or failure to serve may be cured upon an application to this court when the court is satisfied that the furtherance of justice demands it. Service is not a jurisdictional pre-requisite to appeal. Wilson v. Kryger, 29 N. D. 28, 149 N. W. 721, supra.

Where no specifications of error are served with the notice of appeal from a judgment in a case triable to a jury this court will consider only such errors as appear upon the judgment roll. See Schulenberg v. Long, 57 N. D. 262, 221 N. W. 69; Leu v. Montgomery, 31 N. D. 1, 148 N. W. 662; Wilson v. Kryger, 26 N. D. 77, 51 L.R.A.(N.S.) 760, 143 N. W. 764.

In his brief appellant argues six specifications of error: (1) Error of the court in holding that the complaint states facts sufficient to constitute a cause of action; (2) error based on the receipt of testimony because the complaint did not state a cause of action; (3) overruling objections to the receipt in evidence of exhibits 4 to 10, inclusive; (4) denying defendants' motion for dismissal of the action; (5) the same repeated on another motion; and (6) ordering judgment for the plaintiff. In the brief appellant abandons the first three. The only addition in the proposed "amended" specifications of error is the insufficiency of the evidence on the two points heretofore set forth—that no demand was made for the grain "until long after the expiration of the bond sued upon;" and failure of proof to establish that "Hegge was insolvent during the period that such bond was in force and effect."

It will be noticed that even where the evidence is challenged the proposed specifications of error are extremely general in their statement as to the failure to establish the insolvency of Hegge and the other is confined merely to the question of demand.

This case is a proper one in which to insist on compliance with the provisions of § 7656 of Comp. Laws requiring specifications of error to be served with the notice of appeal. No excuse is shown for the delay. It is not claimed the respondents in any way contributed to this failure. There is no adequate reason shown why the appellant overlooked or failed to comply with this statute. Apparently, when respondents, in their brief to this court, called attention to the attempt on the part of the appellant to argue the insufficiency of evidence—this not being made

a specification or error—the appellant made this application. But this was after the case was set for hearing in this court. No reply brief has been received nor leave asked to serve a reply brief.

It was not until the 19th of March the appellant made his application.

In his brief appellant states the "ultimate facts" as follows:

"1. That the evidence conclusively establishes that, during the life of the bond sued upon, no demand was ever made upon Isaac Hegge for the redemption of the storage tickets set out in plaintiff's complaint which form the basis of the pending action."

"2. That the evidence conclusively establishes that, if the said storage tickets sued upon under the alleged bond had been presented for payment at any time during the life of the said bond, they would have been redeemed."

"3. That the evidence conclusively shows that the alleged bond was signed by the defendants without any previous request by or on behalf of the plaintiff, and in the absence of any of its officers or members, and for no consideration moving between the plaintiff and defendants."

"4. That the evidence conclusively establishes that no notice of the acceptance of the so called bond on behalf of the plaintiff was ever manifested, and that no notice of the acceptance of such alleged bond was given to the defendants by or on behalf of the plaintiff."

It will be noticed that even then the appellant was more concerned with the question of demand for payment of tickets and the manner of securing the bond. It was the appellant's contention that the sureties were induced by Hegge to sign an instrument which they did not know to be a bond, but this is not included. The main point is that the plaintiffs never notified the sureties that such bond was accepted.

It is clear the question of the insufficiency of the evidence on the points set forth in proposed specifications, is an afterthought though he does argue the lack of proof of insolvency, and of demand for payment during the life of the bond.

It is useless for the appellant to discuss whether there was a consideration to him from the plaintiff in the sense that he received anything for himself personally. The purpose of the instrument was to secure for Hegge a license to buy grain. It is not disputed but what this was received. Hegge as principal presented this instrument signed by the sureties and on the strength of it got his license. That is suffi-

cient consideration. The question of notice of acceptance is treated later. In order, however, that no injustice may be done, we have examined the evidence and are satisfied there is sufficient evidence to support the findings. The application of the appellant to file amended specifications of error is denied.

This brings us to the merits of the appeal from the judgment. The only question for us to determine is whether the findings sustain the judgment. It is not necessary to set forth these findings. It is clear that, unless it was necessary for the board of railroad commissioners to notify the sureties that the bond was received and accepted, the judgment must be affirmed. The court finds everything else necessary to sustain the judgment. The findings expressly show that no such notice of acceptance was served and that raises the only question to be considered—was it necessary for the sureties to receive notice of the acceptance of the bond before their liability would attach?

The gist of appellant's argument is that the bond was a mere offer of guaranty or suretyship and required notice of its acceptance to make it a binding contract. He says it was executed without any previous request on the part of the board of railroad commissioners, was signed at the request of Hegge and there was "no consideration whatsoever moving between Dean and the Board of Railroad Commissioners on behalf of the state" and therefore required "an acceptance by the other party to complete the contract." In support of his contention he cites several cases dealing with offers of guaranty including Standard Sewing Mach. Co. v. Church, 11 N. D. 420, 92 N. W. 805, and Rogers Lumber Co. v. Clark, 52 N. D. 607, 204 N. W. 184. These cases, and the other cases cited, similar in character, are not in point in this case. This is not an offer of guaranty. This is a case where a warehouseman, required by law to furnish a bond with sureties in order to secure a license, furnishes such bond and secures his license. There is no difference between the liability of the sureties on this bond and those on any other bond, except as may be expressed in the bond itself. Appellant relies upon the case of Davis v. Wells, F. & Co. 104 U. S. 159, 26 L. ed. 686, where "the rule requiring notice of the acceptance of a guaranty and of an intention to act under it," is discussed and applied. But such rule has no application here. The rule applicable in this case

is well set forth in The United States Fidelity & G. Co. v. Riefler, 239 U. S. 17, 25, 60 L. ed. 121, 125, 36 S. Ct. 12, as follows:

"When such a bond, carrying as a specialty does, its complete obligation with the paper, is put by the obligors into the hands of the obligee, and in fact is accepted by it, notice is not necessary that a condition subsequent to the delivery, by which the obligee might have made it ineffectual has not been fulfilled. The contract is complete without the notice."

The sureties are presumed to know that the bond was to be sent to the board of railroad commissioners for the purpose of securing a license; that it was signed for the purpose of delivery; and that on its face it contemplated such license would be issued. Thus, when put into the hands of the obligee for such purpose, the bond accepted, and the license issued the contract is complete, and subsequent notice is not necessary. The distinction between sureties and guarantors is well set forth in 21 R. C. L. 949, 950.

It was not necessary for the board to give the sureties "notice of acceptance" and therefore the judgment of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.