# AMERICAN CASE & REGISTER COMPANY v. WALTON & DAVIS COMPANY.

### (133 N. W. 309.)

**Prejudicial error in exclusion of evidence.**

1. Defendant was permitted, over plaintiff's objection, to prove a conversation in which plaintiff's sales agent made certain representations regarding the quality of a certain account register ordered by defendant from plaintiff through such agent. Plaintiff asked and was granted permission to cross-examine defendant's witness for the purpose of showing that the contract was in writing, and after proving such fact offered the written contract in evidence as a part of such cross-examination, which contract contains a stipulation that "no agreement or promise, written or verbal, not appearing in the original, will be binding upon the American Case & Register Company." *Held*, that the exclusion of such offer constitutes prejudicial error.

**Sales — exclusion of written contract because not completed.**

2. Such offered proof was rejected because of the fact that the existence of such written contract had not been pleaded by way of a reply to the answer. *Held*, that such ground is untenable.

**Sale — evidence of offer by vendee to return property — laying foundation for.**

3. Before evidence is admissible of an offer by a vendee to return to the

vendor the personal property purchased, a foundation must be laid by proving a right to rescind the sale.

**Direction of verdict.**

4. In a suit on a promissory note, the defense urged in the answer was an alleged failure of consideration. At the conclusion of the trial a verdict in defendant's favor was directed by the court. *Held,* error; there being no evidence to establish such defense.

Opinion filed October 28, 1911.

Appeal from District Court, Stark county; E. B. Goss, *Special Judge.*

Action by the American Case & Register Company against Walton and Davis Company. From a judgment for defendant on a verdict directed by the court, plaintiff appeals.

Reversed, and new trial ordered.

*Thomas H. Pugh* and *Field & Pugh,* for appellant.

*T. F. Murtha,* for respondent.

Fisk, J. Action to recover on a promissory note for $216 executed and delivered by defendant to plaintiff on August 22, 1908. The execution and delivery of such note and its nonpayment is expressly admitted by the answer. Defendant relies for a defense thereto wholly upon an alleged total failure of consideration. The answer, in paragraph 4, alleges, it is true, that defendant, by means of certain false representations of plaintiff's agent, was induced to purchase from plaintiff a certain account register for a portion of the purchase price of which the note in suit was given, and that such account register was not as represented and was "worthless and of no value for any purpose to the defendant or others;" but there is no allegation therein of a tender or offer to return such register to plaintiff, or that a rescission of the sale contract was ever made or attempted, and the concluding portion of such paragraph is as follows: "That by reason of the facts herein set forth the defendant has received no consideration for said note whatever." Upon the issue thus framed testimony was introduced, and at the close of the trial both parties moved for a directed verdict, whereupon defendant's motion was granted over plaintiff's objection and exception, and a verdict was directed accordingly. From the judgment entered pursuant thereto, plaintiff has appealed, assigning numerous

alleged errors of a prejudicial nature. No motion for a new trial was made in the court below, consequently we are not called upon to review the sufficiency of the evidence, and, if there is any competent testimony in support of the verdict, it will not be disturbed in the absence of some prejudicial error in the record.

Appellant has assigned twelve alleged errors on which it relies for a reversal; but it will not be necessary to notice these only in a general way.

At the commencement of the trial, plaintiff offered in evidence the note in suit, which was received without objection, and rested. Thereupon defendant called as a witness one Davis, its president, who was permitted, over plaintiff's objection, to narrate a conversation had with one Gouth, plaintiff's traveling salesman, at the time the register was ordered, and this, in the face of the fact developed on cross-examination of such witness that the contract was in writing and contained a stipulation that "no agreement or promise, written or verbal, not appearing in the original will be binding upon the American Case & Register Company." Such written order and contract was offered in evidence as a part of such cross-examination and for the purpose of laying a foundation for an objection to a question calling for such conversation; but, strange as it may seem, the same was excluded upon the ground that it was not within the issues, not having been set forth in a reply to the answer. It is entirely clear that such ruling was error. The parties having reduced the contract to writing, it was manifestly proper for plaintiff to show such fact when defendant offered to prove oral negotiations and representations relating thereto. And it is equally apparent that such fact could properly be shown without first pleading it in a reply. Moreover, under our system of Code pleading a reply is never necessary or proper except for the purpose of putting in issue facts alleged in the answer by way of a counterclaim, unless the court, in its discretion and on defendant's motion, requires a reply to new matter constituting a defense by way of avoidance. Rev. Code 1905, § 6863. If any authority is required upon the proposition that the above-quoted stipulation in such written order excludes oral representations or warranties as to the quality of this account register, see Hooven & A. Co. v. Wirtz, 15 N. D. 477, 107 N. W. 1078.

The error above pointed out is alone sufficient to require a reversal;

but, in view of another trial, we will briefly notice some of the other rulings complained of. Defendant, over plaintiff's objection, was permitted to introduce in evidence a letter dated November 28, 1908, written by defendant to plaintiff for the purpose, as stated by defendant's counsel, of showing that defendant offered to return the property. Conceding, without deciding, that the offer to return such property, as disclosed by the letter, was a sufficient offer or tender of the property to plaintiff, we fail to see how such proof was admissible without first showing a *right* to rescind and also laying a foundation in the pleadings for such a defense. As we have above stated, no such defense is alleged in the answer, and the record falls far short of showing a right of rescission, especially when the testimony, which was erroneously admitted, as to the oral statements of plaintiff's traveling salesman, is eliminated as it should be. Whether, if such testimony was properly in the record, there would be sufficient evidence as a matter of law to warrant a rescission, it is unnecessary to decide.

The defense of a failure of consideration for the note in suit is clearly not established by the evidence. At most, defendant merely proved that the device was not adapted or adaptable to its business. For all that appears in the record the register was in fact worth the full purchase price.

In the light of this record we are agreed for the reasons above stated, that it was reversible error to direct a verdict in defendant's favor. For this, as well as the other errors pointed out in this opinion, the judgment is reversed, and a new trial ordered.

Goss, J., being disqualified, took no part in the decision; Honorable W. C. CRAWFORD, of the Tenth Judicial District, sitting by request.