# OLESEN v. HOGE.

## (137 N. W. 826.)

**Elections — contests of nominations — affidavit of contestant.**

The provisions of chap. 109, known as the primary election law, in so far as they relate to contests of nominations, construed and *held*, that such contests must be initiated by serving upon the contestee within ten days after the completion of the canvass of the ballots, an affidavit of contest setting forth the grounds therefor, and that the affidavit mentioned in § 31 of said act, which may be made on information and belief as a basis for procuring an order for a recount of the ballots, is not the affidavit of contest elsewhere referred to in said section.

Opinion filed October 12, 1912.

Appeal by defendant from a judgment of the District Court for McLean County; *W. H. Winchester,* J., in plaintiff's favor in a proceeding for the contest of a nomination for the office of representative.

Reversed.

*J. T. Hoge,* of Underwood, and *Newton, Dullam, & Young,* of Bismarck, for appellant.

*McCulloch & Nelson,* of Washburn, for respondent.

Fisk, J. This is an appeal from a judgment of the district court of McLean county in an alleged contest proceeding involving the nomination of a candidate to the office of representative in and for the forty-sixth legislative district. The primary election was held on June 26th and the canvass of the returns was completed on July 15th, showing that contestee received one more vote than the contestant at such primary election.

On July 23d, contestant presented to the district court his affidavit setting forth the fact that he was a candidate at such primary election for nomination to the office of representative, and also setting forth the number of votes received by the candidates thereat according to the official canvass as declared by the county canvassing board. He then states, upon information and belief, that in three designated precincts in such county the ballots on the question of the nomination of representative

were not correctly counted, and that he received more votes in such precincts than the returns disclose. Thereupon the district court made its order directing the inspectors of election in such precincts to appear before the court at the city of Washburn on August 30th, with such ballot boxes, and directing that a copy of such order and the affidavit of contestant be served upon such inspectors, and also upon the contestee, at least eight days prior to such date, and the record discloses that such service was made upon contestee accordingly. On August 30th, the date set for hearing, the contestee appeared and filed written objections to the jurisdiction of the court upon the ground that the pretended contest proceeding was not instituted within the time required by statute. Such objection was overruled. The court proceeded to take testimony in behalf of the contestant, and made its findings of fact and conclusions of law favorable to him, directing the county auditor of said county to issue to such contestant a certificate of nomination to the office of representative in said legislative district.

The sole question presented for our determination is whether the district court had any jurisdiction in the premises, and this involves a construction of those portions of the primary election law as enacted in chapter 109, Session Laws, 1907, relating to contests of nominations thereunder.

We are agreed that no such jurisdiction was acquired, for the obvious reason that the alleged contest proceedings were not instituted within ten days after the completion of the canvass. The portions of such primary election law relative to contests is one of the most vague and indefinite statutes which we have ever been called upon to construe, and the exact intention of the legislature is left largely to inference and conjecture, and we trust that the next legislature will correct and put into intelligent language this portion of said statute to the end that the citizens, as well as the courts, may not be left in doubt as to the legislative will.

Notwithstanding the very crude provisions of such statute it is, we think, reasonably clear that by § 31 of said act it was the legislative intent that such contests should be initiated within ten days after the completion of the canvass. The first sentence in said section is as follows: "Any candidate at a primary election, desiring to contest the nomination of another candidate or candidates for the same office, may proceed

by affidavit within ten days after the completion of the canvass." When this language is construed in connection with § 688 of the Revised Codes of 1905, which is expressly made applicable, except as otherwise provided, to the primary election law, we have no hesitancy in saying that the intention was to require such contest to be commenced within ten days after such canvass is completed, by serving upon the contestee a verified statement of the grounds of the contest in the form of an affidavit or verified notice, setting forth such grounds.

While the statute above quoted uses the words, "may proceed by affidavit," we think that when such expression is construed in connection with § 17 of the act making § 688 of the Revised Codes applicable, the intention was as we have above stated.

Counsel for contestant and the trial court evidently misconstrued § 31, and were misled by the language therein employed. Among other things it provides: "In case the contestant shall set forth in his affidavit, upon information and belief, that the ballots in any precinct have not been correctly counted, and that he has been prejudiced thereby, the judge shall make an order requiring the custodian of such ballots to appear before him at such time and place, and abide the further order of the court. At the time and place stated, the ballot boxes shall be opened and the ballots recounted in the presence of the court. If it should be found that a mistake has been made in counting such ballots, then the contestant shall be permitted, upon application, to amend his affidavit of contest by including such additional facts therein." As we construe this language, the intention merely was to enable the contestant to have a recount in court of the ballots in any precincts, upon a showing by affidavit upon information and belief that such ballots have been incorrectly counted to his prejudice. Counsel and the trial court erroneously construed this as prescribing a method of contesting a nomination where the sole ground of the contest is an incorrect counting of the ballots, whereas, as we construe the language, the evident legislative intent was to provide a method whereby in a regularly pending contest the contestant may procure a recount of the ballots. In other words, it is merely a provisional remedy afforded the contestant in his contest proceedings, but in order to invoke such remedy he must first have pending a contest in due form. He can no more invoke such remedy without a pending contest than a plaintiff can have an attachment issued without a pending action.

Counsel for contestant treat the affidavit referred to in this portion of the statute which is to be made on information and belief and for the sole purpose of procuring a recount of the ballots, as the affidavit referred to in the first portion of the section which is requisite to initiate the contest. This is where they fall into error, and by such process of reasoning they are logically forced into the additional error of concluding that service of the affidavit upon the contestee need not be made within any stated time after the canvass is completed, but that its service within a reasonable time prior to the hearing is all that is required. It would indeed be strange if the legislature intended merely that the contestee should be given only sufficient notice to enable him to appear at the hearing. Such a statute would be unprecedented.

The affidavit mentioned in § 31, which may be made on information and belief to be used as a foundation for procuring a recount of the ballots, is not the same as the contest affidavit previously mentioned therein, although on a superficial reading of this section such a conclusion is apt to be deduced, owing to the peculiar phraseology of the statute. The fourth sentence of this section, however, effectually refutes such a conclusion. It provides that if on such recount of ballots it is found that a mistake was made in counting them, "the contestant shall be permitted, upon application, to amend his affidavit of contest by including such additional facts therein." The affidavit used as a basis for procuring a recount has, after such recount, fulfilled its mission, and there is no necessity for its amendment, but not so as to the contest affidavit. The legislature evidently contemplated that the latter should be couched in positive averments. Hence, the recognized necessity of an amendment thereof after the facts are discovered. Why should the "additional facts" disclosed by a recount of the ballots be included in the affidavit used as a basis for procuring such recount?

But contestant's contention inevitably leads to the conclusion that a mistake in counting the ballots is the only ground of contest provided for by the statute. This is not correct, for if so, many provisions found therein would be utterly meaningless. We must, of course, if possible, so construe the law as to harmonize and give effect to all its provisions, but we cannot do this if we adopt contestant's construction thereof.

For the foregoing reasons, the contestee's objection to the jurisdiction of the court should have been sustained.

Judgment reversed and the proceedings will be dismissed.