## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

## LOUIS A. LEU v. HUGH MONTGOMERY.

### (148 N. W. 662.)

**Primary election law — contest — member of legislature — district court has jurisdiction — error.**

    1. The provisions of chapter 109, Laws 1907, known as the primary election law, and especially § 31 thereof, construed, and *held*, to authorize a contest in the district court between aspirants for nomination as candidate for the office of member of the legislative assembly. It is accordingly *held*, that the district court had jurisdiction to hear such statutory contest, and it was error for it to refuse so to do.

**Constitution — legislature — members — qualification — contests — courts have jurisdiction — primary — nominations — elections.**

    2. Section 47 of the state Constitution, which vests in each house of the legislative assembly the power to judge of the election and qualifications of its own members, does not prevent the legislature from vesting jurisdiction in the courts to hear and decide contests involving nominations of candidates for such office, at a primary election. A primary for the purpose merely of making nominations is not an election, within the meaning of such constitutional provision.

    31 N. D.—1

**Contests — rules of procedure — trial.**

3. The provisions of chapter 109, Laws 1907, construed, and *held*, to furnish ample rules of procedure to govern the commencement, prosecution, and trial of such contests.

**Statement of errors — served with notice of motion for new trial — notice of appeal — error appearing on face of judgment roll — statement of case.**

4. Section 4, chapter 131, Laws 1913, requiring a statement of errors of law complained of, etc., to be served with the notice of motion for new trial, and with the notice of appeal, was not intended to apply in cases where the alleged error appears upon the face of the judgment roll proper, but only to cases where a statement of case is required in order to bring the rulings complained of upon the record.

Opinion filed September 25, 1914.

Appeal from District Court, Wells County; *J. A. Coffey,* J.

From a judgment in contestee's favor, the contestant appeals.

Reversed.

*B. F. Whipple, Geo. R. Robbins,* and *Geo. A. Bangs,* for appellant.

The intent of the act in question is to place the primary election under the regulation and protection of the law now in force as to elections. Nelson v. Gass, 27 N. D. 357, 146 N. W. 537, Ann. Cas. 1915C, 796.

Courts have jurisdiction, in contests for nomination to legislature. Olesen v. Hoge, 23 N. D. 648, 137 N. W. 826.

*John O. Hanchett,* for respondent.

It was necessary for appellant to serve and file with his notice of appeal a statement of the errors of law, or of fact, or both, claimed. Comp. Laws 1913, chap. 131; F. A. Patrick & Co. v. Nurnberg, 21 N. D. 378, 131 N. W. 354; Bertelson v. Ehr, 17 N. D. 339, 116 N. W. 335; Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241.

The appellant has not sought relief by the proper remedy. Mandamus to county auditor was the proper remedy, and all questions could have been determined. The so-called statutory remedy is not covered by the law in question. State ex rel. Plain v. Falley, 8 N. D. 90, 76 N. W. 996.

FISK, J. This is an appeal from a judgment of the district court

of Wells county, dismissing appellant's contest proceedings, upon the ground that that court had no jurisdiction to hear and determine such proceedings. The contest grows out of the primary election held on June 24th last, and involves the nomination as a candidate for the office of representative for the 33d senatorial district. The contestant and contestee were both candidates, at such election, for the republican nomination for such office. On the face of the returns, the contestee received a majority of the votes cast, and was declared duly nominated for such office. Thereafter, and in due time, this contest was initiated by the service of an affidavit and notice of contest. Under the statute, appeals in such cases are to be disposed of in a summary manner.

The main question for determination is whether the district court had jurisdiction to hear and decide such contest. The trial judge placed his decision solely upon the ground "that the court has no jurisdiction in this proceeding to determine any of the matters or grant any of the relief asked by the contestant, and that the statutory provisions under which said proceeding is sought to be maintained have no application to legislative elections, and that there is no law under which said proceeding can be maintained." In this we think the learned court below manifestly erred. Chapter 109, Laws 1907, governs the method of placing in nomination candidates for the various state, county, and district offices, including members of the legislative assembly. Section 31 of such act, which we deem controlling, so far as material is as follows: "Any candidate at a primary election desiring to contest the nomination of another candidate or candidates for the same office may proceed by affidavit within ten days after the completion of the canvass. In case the contestant shall set forth in his affidavit, upon information and belief, that the ballots in any precinct have not been correctly counted, and that he has been prejudiced thereby, the judge shall make an order requiring the custodian of such ballots to appear before him at such time and place, and abide the further order of the court. At the time and place stated, the ballot boxes shall be opened and the ballots recounted in the presence of the court. If it should be found that a mistake has been made in counting such ballots, then the contestant shall be permitted, upon application, to amend his affidavit of contest by including such additional facts therein." The section then provides that all testimony shall be

taken in the same manner as in civil actions, and such contest tried, as nearly as may be, as civil actions are tried, the court making findings of fact and conclusions of law. It also provides for appeals to the supreme court from the final judgment in such contests within ten days; and the same shall be heard and determined in a summary manner; and it makes the provisions of the Code of Civil Procedure applicable to, and constitute, rules of practice in such proceedings.

A careful reading of this statute serves to convince us that it was clearly the legislative intent, in the enactment of such statute, to make the provisions of the general election laws, not only as to the manner of holding the elections, but also as to the method of contesting elections, applicable to such primary elections, for § 32 of the act expressly so provides. It reads: "The provisions of the statutes now in force in relation to the holding of elections, the solicitation of votes, the manner of conducting elections, of counting the ballots and making return thereof, and all other kindred subjects, shall apply to all primaries, in so far as they are consistent with this act; the intent of this act being to place the primary election under the regulation and protection of the laws now in force as to election."

We think that the provisions of § 31, supra, are too clear for serious debate, as to the legislative intent to confer upon the district courts jurisdiction to entertain a contest involving a nomination for member of the legislative assembly. It is as broad as language can make it; for it reads, *"any candidate* at a primary election desiring to contest the nomination of another candidate or candidates for the same office may proceed by affidavit within ten days," etc. By no rule of construction known to us are we authorized to limit or restrict such language so as to make it apply only to certain candidates, even though we were able, which we are not, to discover any reason why the legislature might desire to single out legislative candidates, and withhold a remedy granted to other candidates.

In the recent case of Olesen v. Hoge, 23 N. D. 648, 137 N. W. 826, while the point here under consideration was not directly raised, we assumed that jurisdiction existed in the district courts to hear such contests.

But counsel for contestee contends that there is no adequate machinery provided by such act, covering the procedure in such cases. He

argues that § 17 of the primary election law, which expressly makes applicable to primary elections numerous sections found in chapter 8 of the Political Code of 1905, relating to general elections, does not furnish such machinery, for the alleged reason that such general election statute does not provide for a judicial contest of a legislative election, and that the adoption of such statute in the primary election act cannot, and does not, operate to extend the scope of the statute thus adopted. In this we are also unable to concur. It is true, the general election statute, found in chapter 8, article 13, of the Political Code, does not refer to legislative contests, for the obvious reason that by § 47 of the Constitution each branch of the legislature is made the judge of the election and qualifications of its members; and the courts, therefore, have no jurisdiction in such cases. But a primary election is not an election within the meaning of such constitutional provision, nor within the common acceptation of the term. It merely takes the place of the former nominating conventions, and it is improper to say that the successful candidate at such primary is elected to any office. He is merely placed in nomination as a candidate for election to the office. It is very plain, we think, that in enacting § 17 of the primary election law, adopting the numerous provisions of the general election law, the legislature did not intend to restrict their application, in so far as rules of procedure are concerned, solely to cases which might arise under such general election statute. On the contrary, its aim was, no doubt, to transplant such provisions to, and make them a part of, the primary election statute, so as to carry out and effectuate the evident intent of the legislature in enacting the new statute. We therefore have no hesitation in holding, as we do, that the provisions of such act clearly adopt and make applicable to such contests the rules enacted to govern contests relative to general elections. But even were this not so, the court would, we think, be justified in adopting and applying the rules of procedure in force in analogous cases, in so far as the same are applicable. As said by the Washington court in State ex rel. McAvoy v. Gilliam, 60 Wash. 420, 111 Pac. 401: "If the course of proceeding be not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted, which may appear most conformable to the spirit of this Code."

What we have above said is a sufficient answer, we think, to contestee's argument under his second point.

The fact that the contestant is given another remedy, by mandamus or otherwise, if such be the fact, is immaterial. If another remedy exists, it is concurrent with and additional to the remedy here pursued. Such fact in no way tends to show that this statutory contest proceeding is not authorized.

But one other proposition need be considered. Counsel for contestee and respondent contends that there is nothing before this court for consideration or review, and that the appeal should be dismissed, for the reason that the appellant in taking the appeal did not comply with the provisions of section 4 of the new practice act, being chapter 131, Laws 1913, in that he failed to serve, with the notice of appeal, a statement of the errors of law he complains of. It is true no such statement was served. This omission, however, is not jurisdictional. Wilson v. Kryger, 26 N. D. 77, 51 L.R.A.(N.S.) 760, 143 N. W. 764. The court has the right, as we there held, to permit such omission to be supplied.

But we think counsel has misconstrued such statute. It was designed to, and does, effect a radical change in the rules of practice in the courts of this state. And by § 17 numerous sections of the Code of Civil Procedure were expressly repealed, including § 7058, Rev. Codes 1905, § 7655, Comp. Laws 1913, which section prescribed the contents of the statements of the case to be used on motions for new trials and on appeals, and, among other things, this section required the statement of case to have incorporated therein "a specification of the particulars in which the evidence is alleged to be insufficient to justify the verdict or other decision and of the errors of law upon which the party settling the same intends to rely. If no such specification is made the statement shall be disregarded on motion for a new trial and on appeal." The new practice act prescribes in § 2 an entirely different method for the settlement of records for presentation on motions for new trials and on appeals, by providing in brief that a transcript from the official court reporter, when certified to be correct by the presiding judge, shall constitute the statement of case. The necessity, therefore, no longer exists for incorporating in such

statement of case any specifications, either as to errors of law or insufficiency of the evidence. In lieu thereof we think it was the intention of the legislature, by § 4 of the new practice act, to require such specifications to be served with the notice of motion or notice of appeal, and it was not the purpose in the enactment of § 4 to require any statement or specification to be thus served, except in cases where, under the former statute, § 7058, Rev. Codes 1905, § 7655, Comp. Laws 1913, the same were required to be incorporated in statements of the case; and it is, of course, true, that no such specifications were required under § 7058, in order to enable the court to review rulings appearing upon the judgment roll proper. In such case, it is only necessary for the appellant to assign such ruling as error in his brief. To make our position plain, the words "errors of law," as used in § 4 of the new practice act, should be construed to refer only to errors of law occurring at the trial, which, in order to be brought to the attention of the court under the former practice, had to be specified in the settled statement of case; and they have no reference to errors appearing upon the face of the record proper. As to the latter, it would serve no useful purpose to require a statement thereof to be served with the notice; and we cannot believe the legislature intended to require such an idle and useless act to be performed. The new practice act was designed to simplify the former procedure by doing away with useless requirements, and not to add new and additional requirements not exacted thereunder.

The imperative necessity for an immediate decision of this appeal, in order that the same may be of any avail, has compelled us to treat the points raised in a somewhat cursory and brief manner, and not, perhaps, as fully as their importance demands.

The judgment appealed from is reversed, and the cause remanded for further proceedings in accordance with the views above expressed.