L. R. BAIRD as Receiver of the Golden Valley State Bank of Beach, North Dakota, an Insolvent Corporation, Respondent, v. J. A. MILLER and C. E. Joslyn.   J. A. MILLER, Appellant.

(216 N. W. 340.)

Guaranty — when indorser not liable on his guaranty.

1. Where notes are indorsed and payment guaranteed by the indorser to a bank, and thereafter the notes are paid and delivered up to the maker, who

---

Annotation.—(1) Payment of principal obligation as releasing guaranty, see 12 R. C. L. 1082.

gives a new secured note, as payment of a part of the indebtedness there is no further liability of the indorser on his guaranty.

**Bills and notes — banks and banking — defense accommodation of bank.**

2. Where a note is indorsed for the accommodation of a bank and is retained in the bank without demand of payment, or renewal for a period of six years, and for a period of five years after maturity, the accommodation indorser may interpose the defense, that the indorsement was for the accommodation of the bank, in an action brought by the receiver of such bank.

Opinion filed November 28, 1927.

Bills and Notes, 8 C. J. § 413 p. 264 n. 82.  Guaranty, 28 C. J. § 164 p. 1004 n. 94.

Appeal from the District Court of Golden Valley County, *Berry,* J. Reversed.

*Crawford, Cain, & Burnett,* for appellant.

"The general rule is well established that a receiver takes the title of the corporation or individual whose receiver he is, and that any defenses which would have been good against the former may be asserted against the latter." 23 R. C. L. ¶ 128.

"A defense against one in receivership is good against the receiver." Harn v. Smith, 85 Okla. 137, 204 Pac. 642.

"It is fundamental that an instrument given without consideration does not create any obligation at law or in equity in favor of the payee." 3 R. C. L. 924 (121). ·

"If fraud, duress or illegality as to consideration, etc., intervene at the inception of the instrument then the accommodation party never was liable." First Nat. Bank v. Myer, 30 N. D. 388, 152 N. W. 657.

*H. L. Halliday,* for respondent.

"There is no substantial difference between 'duly given' and 'given after the requirements of law had been duly complied with.'" Rogers v. Trumble, 125 N. W. 600; Peters v. Lehr, 124 N. W. 853.

"A receiver of an insolvent corporation may repudiate the void contracts made by the corporation, and to the general rule that a receiver takes only the title of the corporation or individual he is." 34 Cyc. 391 (c).

"As between the creditors and depositors of an insolvent bank, whose

contractual relation with the corporation was created lawfully—intra vires—and the plaintiff, whose contract of pledge was ultra vires of the bank and unlawful, the former must be preferred, and the rule is that they are not estopped to assert the want of power." Divide County v. Baird, 55 N. D. 45, 51 A.L.R. 296, 212 N. W. 236.

It is the duty of the receiver to administer the estate for the benefit of those who may ultimately establish a right to share in its distribution; and he must assert the equitable as well as the legal rights of the creditors. See 23 R. C. L. pp. 7, 8 and cases cited.

BURKE, J. This is an action by the receiver of the Golden Valley State Bank against the defendant, J. A. Miller, upon an indorsement on a note dated October 21, 1920, due November 1, 1921, and executed by one, C. E. Joslyn.

The defendant as a defense claims, that the indorsement was for the accommodation of the bank, and further that the cashier of said bank fraudulently and falsely represented to him, that he had sufficient chattel mortgage security to pay the note. There was a demurrer to the answer upon the ground that it did not state facts sufficient to constitute a defense which was overruled. The case was tried to a jury and after the testimony was in, the plaintiff moved for a directed verdict which was overruled, and a verdict was returned for the defendant. Thereafter a motion for judgment notwithstanding the verdict was granted, and the defendant appeals.

It was the contention of the plaintiff on demurrer that the defense of accommodation paper could not be urged in an action against the receiver, that the case was controlled by the case of Vallely v. Devaney, 49 N. D. 1107, 194 N. W. 903. This claim was also urged on a motion for a directed verdict, and likewise on the motion for judgment notwithstanding the verdict, and that was the theory of the court in granting the motion for judgment.

On appeal the plaintiff also makes the same contention, and further claims that there was a consideration in the indorsement on the note, by reason of the defendant assigning to the said bank in 1916, two notes executed by the said Joslyn for the sum of $2,200 which notes were indorsed and payment guaranteed by the defendant, and

it is the plaintiff's contention, that the note sued on is a part of the same obligation.

The defendant testified that he sold the notes in 1916, and guaranteed payment, and that in October, 1916, the notes were paid, and delivered up to Joslyn. This testimony is corroborated by Joslyn, who says that in March, 1916, he purchased some horses of the defendant, Miller, amounting to about $2,200 for which he gave two notes secured by a mortgage, and in the fall of 1916, he testified, "the old notes were paid up. I did not have sufficient funds from my crop to pay off the two notes, so I borrowed some from the bank to finish up my deal with Miller, and they took a Montana mortgage on my property as I was going to Montana." It is undisputed that the Joslyn notes sold to the bank by the defendant Miller were paid and delivered up to Joslyn who gave a new note and mortgage for part of the old indebtedness which Mr. Miller did not sign, and so far as he is concerned there was no further obligation to the bank on the old indebtedness which had been paid, and there was no consideration for the indorsement for the accommodation of the bank. This leaves one question in the case. Was the defendant liable on his indorsement in an action brought by the receiver as a matter of law?

The undisputed testimony shows that in 1920, the bank foreclosed the Joslyn's mortgage, and credited him with the proceeds of sale. The next day Joslyn went to the bank, and gave a new note for the balance of his indebtedness, which is the note in suit.

The defendant says, "about a month after Joslyn had executed the note in suit, Mr. Fuller, cashier of the bank, requested him to indorse the note for Joslyn which he refused to do." Mr. Fuller then said to him, "the bank has often accommodated you, and if you will not indorse this note for the accommodation of Joslyn, indorse it for the accommodation of the bank, we have security on the very horses that you sold, you will never have to pay." The defendant says, that he told Fuller he would indorse it for the accommodation of the bank, and that he did. Later he says, that he discovered that the bank had no security for the note, and he went in and asked to have the indorsement cancelled, that later he went into the bank, and had a fist fight with the cashier over it. There wasn't anything said at the time of

indorsement about making the paper acceptable to the bank examiner, and there wasn't anything said about the retention of the note in the bank. There is no fraud or wrong doing shown upon the part of the defendant. He refused to indorse the note for the accommodation of Joslyn, he was then asked to indorse it for the bank and he did. So long as the note remained in the bank it made no difference to the defendant whether the bank had security or not, but it would make a difference if the bank negotiated the note before maturity, as it could have done, for in such case, the defendant would be liable to the assignee. This note was never renewed, no demand was ever made upon the defendant to pay the note, which remained in the bank without renewal and without any demand being made upon the defendant until after the bank went into the hands of the receiver in 1926, six years later, and five years after the note was due. How could this indorsed note deceive the bank examiner, or in any way prejudice the creditors of the bank? Certainly the doctrine of estoppel cannot be invoked to estop the defendant from interposing the defense of accommodation paper, in a case where the paper is given to a solvent bank which continues as a going concern for a period of six years without a renewal of the note. The facts in the Vallely Case, 49 N. D. 1107, 194 N. W. 903, are entirely different, and the judgment of the district court is reversed, and judgment is ordered on the verdict of the jury.

BIRDZELL, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.