This is an action on a promissory note. The defendant and respondent admits in his answer that he executed the note, but alleges that it was an accommodation note without consideration. The case was tried to a jury, and a verdict was returned for the defendant and from a judgment entered thereon, the plaintiff appeals.
After the plaintiff had rested, and the defendant proceeded to offer his testimony, appellant objected upon the grounds, and for the reason, that the testimony shows that the note was signed and went into the bank as an asset, and was in the bank as an asset at the time the receiver *Page 848 
took possession, and that the defendant is estopped as against the receiver, to make the claim that the note was an accommodation note, or any defense, except the defense of payment. Objection was overruled, and appellant was given an objection to all of the testimony offered by the defendant to establish his defense upon the same ground. It is the contention of the appellant, that the defendant having signed the note had no defense, except, the defense of payment. Under § 6914, Comp. Laws 1913, "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." It follows, of course, that he is not liable except to some person who has paid a valuable consideration for the note. It is not claimed, and the evidence does not show or tend to show, that the bank paid anything for the note, or that the receiver had paid anything for the note, and therefore, the defendant would not be liable if there was no consideration for the note, unless the bank suffered some prejudice or injury on account of said note, and the burden was on the plaintiff to show prejudice or injury. The testimony called for and given, did not tend to establish an estoppel, but only the making of an accommodation note, and there was no error in overruling the objection. The defense contends that the appellant could not raise the question of estoppel, as estoppel had not been pleaded. In this contention the defendant is wrong. The receiver plaintiff in his complaint could not anticipate the defense of no consideration, and that the note was an accommodation note, and under our practice and our system of code pleading a reply is never necessary or proper, except for the purpose of putting in issue facts alleged in the answer by way of counterclaim, unless the court in its discretion and on defendant's motion requires a reply to new matter constituting a defense by way of avoidance. Comp. Laws 1913, §§ 7452, 7467-7477; American Case Register Co. v. Walton D. Co. 22 N.D. 187, 133 N.W. 309; Moores v. Tomlinson, 33 N.D. 638, 157 N.W. 685; De Walt v. Heeren, 50 N.D. 804, 197 N.W. 868; Mathias v. State Farmers' Mut. Hail Ins. Co.40 N.D. 240, 168 N.W. 664. *Page 849 
Wisconsin has the same statute, and in a suit upon a promissory note where the defense was usury the plaintiff offered to prove that the defendant induced or requested the witness to purchase the note and mortgage without disclosing the fact that they were tainted with usury, and that the witness did purchase and sell them to the plaintiff with the knowledge and assent of the defendant, and neither witness nor the plaintiff had any knowledge that the securities were usurious at the time of the purchase. It is claimed that this evidence should have been excluded. The principle relied on in support of this position is that which requires a party relying upon an estoppel, to set out in his pleadings the facts constituting the estoppel, that he must plead the estoppel in order to make evidence of it admissible. This as a general rule is undoubtedly true, but obviously it can only apply when the party has an opportunity to plead the estoppel. But the plaintiff had no opportunity to plead the estoppel here. The defense was usury. The plaintiff had no right under our present practice to put in a replication stating the facts constituting the estoppel. That system of pleading is abolished. The estoppel could not therefore be pleaded, and from the necessity of the case could be proven as it was upon the trial. Waddle v. Morrill, 26 Wis. 611. To the same effect Gans v. St. Paul F. M. Ins. Co. 43 Wis. 108; 28 Am. Rep. 535.
California has the same statute, and in the case of Llewellyn Iron Works v. Abbott Kinney Co. 172 Cal. 213, 155 P. 986, the court said: "It is well settled that under our simplified system of procedure, where plaintiff's pleadings on the facts begin and end with the complaint, there is by law afforded him an opportunity, without pleading, to interpose evidence overcoming an affirmative matter of defense set up in the answer. Thus he may establish fraud or an estoppel. It was not incumbent upon plaintiff, therefore, in the first instance, to plead the facts constituting this estoppel, as it was not advised of the nature of the defense which defendant corporation would interpose. Being so advised, it was within its rights to offer to establish this estoppel without pleading by way of replication." 10 Cal. Jur. § 29, page 665; McCreery v. Charlton, 185 Cal. 37, 195 P. 670; Young v. Blakeman, 153 Cal. 477, 95 P. 888; Brooks v. Johnson,122 Cal. 569, 55 P. 423; Moore v. Copp, 119 Cal. 429, 51 P. 630.
The evidence offered by the defendant did not show an estoppel, it *Page 850 
simply showed that the note was an accommodation note given without consideration, and without any intention that it would ever be paid. It was, therefore, competent. On the other hand, as the plaintiff could not anticipate the defendant's defense, and therefore did not allege facts constituting an estoppel in his complaint, and could not reply, for the reason that the defense is not a counterclaim he was entitled to prove an estoppel by competent testimony, if there was an estoppel.
The defendant testified that, "In harvest time 1920," A.E. Sevareid, cashier of the bank, came to him and asked him to give this note. "He talked to me about this several times. He asked me several times to sign this note. Finally I did sign it and he said, it would never come against me, that the Wilson land upon which the bank had a mortgage would be sold, and the note paid out of the proceeds, there would be no liability against me at all. I did not owe the bank anything. Sevareid said, that Mr. Wilson had a note there he wanted to put mine there to cover it up. The bank closed in 1923, and never made any demand and I never received any notice to pay anything. I never paid any interest, never was asked to, until after the bank closed and went into the hands of a receiver. I was a depositor in the bank." On cross-examination, "J.A. Wilson is my father-in-law, and I believe that it was his note referred to."
Mr. Sevareid testified, "that the defendant did not owe the bank anything, but claims that J.A. Wilson, father-in-law, of the defendant, owed the bank something over $5,000 for which they had a mortgage on land. I told him that Mr. Wilson was going behind in his indebtedness, and we were considering foreclosing on mortgage on his land. We thought it best to talk to Mr. Kottke. . . . We thought he might be interested in preventing a foreclosure. Mr. Kottke gave his note for the Wilson note. I spoke to the defendant several times about it, and the first time might have been in the harvest season of 1920. The last time being on December 31st, the day the note was executed; that at that time, Mr. and Mrs. Wilson deeded the land upon which the bank had a mortgage to the defendant, that at the said time, he gave to the defendant a receipt of which "exhibit 2" is a copy and reads as follows: *Page 851 
"Dec. 31st, 1920.
"Received this day from W.G. Kottke, his personal note in favor of this bank, as follows:
"Note dated Dec. 31st, 1920, due Dec. 1st, 1921, for $2600.00 — 8% int.
"Note dated Dec. 31st, 1920, due Dec. 1st, 1922, for $2700.00 — 8% int.
"The said notes being given as renewals of notes held against James A. Wilson and wife, with mortgage on real estate, as follows:
"Note dated Nov. 10th, 1919, due Oct. 1, 1920 for $2700.00.
"Note dated Nov. 10th, 1919, due Oct. 1, 1920, for $2168.00.
"The said notes against James A. Wilson to be retained by this bank as collateral security only. When the notes of W.G. Kottke are paid, the notes of James Wilson shall be released and surrendered.
"Merchants State Bank
"By Cashier."
"The deed was delivered to the defendant at the time; that he took it away with him and subsequently brought it back and left it in the bank for safe keeping, and later took it away."
He is corroborated in the most of this testimony by O.A. Anderson, vice president of the bank. The defendant testified that he never purchased the land from J.A. Wilson, that no deed to said land was ever executed and delivered to him, that no receipt for the note was ever executed and delivered to him; that he never saw "exhibit 2" or the original, and never was given any receipt for the note which he gave to the bank. This receipt does not agree with the testimony of the cashier that the Wilson indebtedness was an old indebtedness. It states that the Wilson notes are dated October 10, 1919, and due October 1, 1920, they had only been running a few months, were not due, and were secured by real estate mortgage according to this receipt, when the cashier of the bank began to importune the defendant for this note. The receipt states that, "the notes are given as a renewal of the Wilson note with mortgage on real estate." The cashier states positively that the note was given for the Wilson note; the defendant states, that it was an accommodation note, thus, raising a question of fact for *Page 852 
the jury, and the jury evidently believed the testimony of the defendant.
On the question of estoppel there is no evidence that anybody was deceived, or injured, by reason of this note, if it was an accommodation note. It remained in the bank for three years after it was given, and Sevareid admits that no demand for payment was ever made upon the defendant for the payment of any part of the note or interest. He says that "there was some talk of the defendant trading some land in payment," but this is denied by the defendant. The bank had a mortgage on land securing the Wilson note which it never foreclosed. It never tried to collect the Wilson note. There is nothing in the record to show that the mortgaged land will not more than pay the Wilson note, as the defendant claims Sevareid told him it would. There is no evidence of any fraud, of any undue advantage, of any wrong done by the defendant or any injury or prejudice suffered by the bank. The defendant was induced to give the note by the earnest and often repeated solicitations of the cashier of the bank. There is no estoppel in the case. "Estoppel can be asserted only by one acting to his prejudice on false statements." In Re Super. Trading Co. (C.C.A.2d) 22 F.2d 480. "Unless a party claiming estoppel is misled or is induced to act to his detriment there is no estoppel." People's Sav. Bank v. McCarthy, 206 Iowa, 28, 217 N.W. 453. "Equitable estoppel does not arise without injury." McKeon v. Council Bluffs, 206 Iowa, 556, 62 A.L.R. 1006, 221 N.W. 351. "Estoppel arises only when one is misled to his hurt by conduct of another." Losee v. Crawford, ___ Mo. App. ___, 5 S.W.2d 105. "The burden of proof rests on the party setting up an estoppel to show the grounds on which it rests, and, as a pleading in estoppel should be certain in every particular and leave nothing for mere inference or intendment, so the evidence to support it must be clear, precise, and unequivocal." 10 R.C.L. 845, § 150. This case comes within the rule in Baird v. Miller,56 N.D. 142, 216 N.W. 340 and is clearly distinguishable from the case of Vallely v. Devaney, 49 N.D. 1107, 194 N.W. 903.
Appellant specifies as error, the sustaining of an objection to the following question, "Do you know of your own knowledge Mr. Sevareid what action was taken with reference to the bank's taking of this note into the bank? This was not error, as on the preceding page of the *Page 853 
record (page 26), the same question is asked and answered, viz., "Mr. Sevareid after you received plaintiff's `exhibit 1,' the note, was that placed in the assets of the bank?" Ans. "Yes, sir." The evidence was already in the record, and there is no contention that the note was not placed among the assets of the bank.
The judgment is affirmed.
BIRDZELL, NUESSLE, BURR, and CHRISTIANSON, JJ., concur.