Daniel COLLETTE, Daniel Sevigny and George Lessard, Individually and as Directors of the Oakwood School Board, District 21, Walsh County, North Dakota, Plaintiffs and Appellants,

v.

J. W. MATEJCEK, Glen Welter, Hilary Riske, August Nygard, and Ben Middendorf, Individually and as Members of Board of County Commissioners, Walsh County, State of North Dakota, acting as County Committee, Defendants and Respondents.

No. 8241.

Supreme Court of North Dakota.

Nov. 10, 1966.

Letnes, Murray & Quigley, Grand Forks, for plaintiffs and appellants.

James H. O'Keefe, State's Atty., Grafton, for defendants and respondents.

TEIGEN, Chief Justice (on reassignment).

The plaintiffs have appealed from an order denying application for relief by writ of prohibition and modification of the temporary restraining order.

It appears the board of county commissioners of Walsh County, North Dakota, after notification by the county superintendent of schools, instituted a proceeding to dissolve Oakwood School District # 21, and attach it to an adjoining school district under the provisions of Section 15–22–21, N.D.C.C., as amended by Chapter 157, Session Laws of 1961. The pertinent parts of this statute provided:

When the county superintendent of schools shall notify the board of county commissioners that any school district within the county * * * has not operated a school for the immediately preceding two years providing pupils from such school district are not attending school in another state, the board of county commissioners shall forthwith give notice of hearing to dissolve the school district and provide for its attachment to an adjoining school district. * *

The county commissioners gave notice of hearing, as provided by the statute, on March 4, 1963. On April 8, 1964, the board of county commissioners by resolution dissolved Oakwood School District # 21, attached it to Grafton School District # 3, and provided its action would become effective July 1, 1964. This proceeding in district court was then instituted to prevent the board of county commissioners from enforcing its resolution of dissolution and annexation. The plaintiffs ask that a writ of prohibition be issued, and also for a temporary restraining order. The trial court issued its temporary restraining order, restraining the defendants as board of county commissioners from giving effect to the resolution of dissolution and annexation until the further order of the court. Following trial, the court entered its order dismissing the application for writ of prohibition and modifying its temporary restraining order to permit the levy and collection of taxes against property within the territory of the said Oakwood School District, but providing that taxes collected be impounded in a special fund by the county treasurer, subject to further order of judicial authority and a final determination of the present litigation. Thereafter the instant appeal was perfected, demanding trial de novo in this Court.

We are met at the outset with a practice question. The plaintiffs taking this appeal intend this Court to try the case anew and have caused to be incorporated in the settled statement of the case a demand for trial de novo. Section 28–27–32, N.D.C.C., provides for trial de novo on appeal from the judgment in an action tried to the court without a jury, whether triable to a jury or not. This appeal, however, is from an order in a special proceeding brought to obtain a writ of prohibition. Section 32–01–01, N.D.C.C., classifies the remedies in courts of justice as being divided into actions and special proceedings. Section 32–01–02, N.D.C.C., defines an action as an ordinary proceeding in a court of justice by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Section 32–01–04, N.D.C.C., provides that a special proceeding is any remedy other than an action. Section 32–32–01 defines special proceedings to include writ of prohibition. Furthermore, the appeal is taken from an order, and not from a judgment as required by Section 28–27–32, supra. It clearly follows that plaintiffs are not entitled to trial de novo on this appeal.

▆ On an appeal to the Supreme Court in a special proceeding, the appellant shall serve with the notice of appeal a concise statement of the errors of law he complains of, and if he claims the evidence is insufficient to support the decision, or that it is of such character that the decision should be set aside as a matter of discretion, he shall so specify. Section 28–18–09, N.D.C.C. In other words, upon an appeal as in this case, specifications of claimed errors must be served with the notice of appeal. Where an appeal is governed by the provisions of Section 28–18–09, supra, the party taking the appeal has the burden of specifying and showing error and the review on appeal is limited to the errors specified. Where no error is assigned, there is nothing for the appellate court to review. First National Bank of Crary v. Bremseth, 60 N.D. 401, 234 N.W. 758. The party taking an appeal from an order has the burden of presenting a record affirmatively showing error. Robbins v. Robbins, N.D., 70 N.W.2d 37; Mills v. Roggensack, N.D., 92 N.W.2d 722; First National Bank of Crary v. Bremseth, supra; Mevorah v. Goodman, N.D., 65 N.W. 2d 278. However, it has been held that Section 28–18–09, supra, was not intended to apply in cases where alleged error appears upon the face of the judgment roll proper, but only to cases where a statement of the case is required in order to bring the rulings complained of up on the record. Leu v. Montgomery, 31 N.D. 1, 148 N.W. 662. This holding has been followed in subsequent decisions of this Court. State ex rel. Harding v. Lane, 60 N.D. 703, 236 N.W. 353; Schulenberg v. Long, 57 N.D. 262, 221 N.W. 69; Leu v. Montgomery, supra; Wilson v. Kryger, 29 N.D. 28, 149 N.W. 721; Mevorah v. Goodman, supra; Mills v. Roggensack, supra; Pope v. Popow, N.D., 133 N.W.2d 433.

▆ We have reviewed the judgment roll in the light of the arguments presented in the briefs and orally before this Court, but find the arguments presented do not allege that errors appear upon the face of the judgment roll proper, and we find no error therein.

In view of the fact that the defendants, who are respondents here, have raised no objection to the practice pursued by the plaintiffs in taking the appeal, we have nevertheless examined the record and the briefs herein. We find that specifications of error are set forth in the plaintiffs' briefs. We have made sufficient examination of the record to satisfy us that the order appealed from is not error and we will briefly state our reasons.

First, the plaintiffs specify that the trial court erred in finding no inconsistency or conflict exists between the provisions of Sections 15–22–21 and 15–22–22 of the North Dakota Century Code. However, they do not argue this point in the brief. We have set forth the applicable portions of Section 15–22–21, supra, and find that Section 15–22–22, as it existed at the time of this proceeding, merely provided that the county superintendent of schools upon order of the board of county commissioners "shall notify the clerk of each school district adjoining the district which is to be dissolved that a hearing will be held" for the purpose of determining to which school district the dissolved territory will be attached. There is no conflict here.

In the second specification, it is stated the trial court erred in finding that the action of the board of county commissioners dissolving Oakwood School District and annexing the same to the Grafton School District was not violative of the constitutional rights of the patrons, taxpayers, and freeholders of Oakwood School District # 21, but does not specify the sections of the constitution violated. The brief, however, under the heading of "Arguments," succinctly sets forth provisions of Sections 176, 11, 20, 13, 175, and 69 of the North Dakota Constitution, and Article IV, Section 1, and Article I, Section 8, Clause 3, of the United States Constitution, but contains no argument whatsoever pointing out in what way these sections of the Code

violate the designated constitutional provisions. As to the power generally to create and alter school districts, we refer counsel for the plaintiffs to 78 C.J.S. Schools and School Districts § 27; 47 Am.Jur., Schools, Sections 17, 18, and 19; and to the following North Dakota cases: Anderson v. Peterson, 78 N.D. 949, 54 N.W.2d 542; School District No. 94 v. King, 20 N.D. 614, 127 N.W. 515.

Lastly, plaintiffs specify that the trial court erred in finding that the action of the board of county commissioners was not arbitrary, fraudulent, or grossly unjust, constituting an abuse of discretion.

█ It is clear Oakwood School District # 21 had not operated a public school within its district since 1949. This is sufficient under the statute to give the board of county commissioners jurisdiction and power to proceed with a hearing upon proper notice and to act accordingly. It is also established that Grafton School District # 3, to which the territory was attached, is adjacent to Oakwood School District # 21; that the residents of Oakwood School District use Grafton as their principal shopping center, and it is their post-office address; that it has a better and larger school than those in other adjacent districts to Oakwood, and that it is closer than schools located in the adjacent districts. We find in this record no evidence supporting the contention that the action of the board was fraudulent, arbitrary, unjust, or unreasonable, or in disregard of the best interests of the territories affected.

We affirm the order of the trial court, and direct that it vacate the temporary restraining order.

STRUTZ, ERICKSTAD and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.